# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **BRENNA HALEY RYAN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DEVEN JAMES LANCASTER, KC ENTERPRISES TRUCKING LLC, KENNETH CAMPBELL, KEVIN CAMPBELL and KEITH CAMPBELL** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Progressive Specialty Insurance Company ("Progressive") files this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 seeking a declaratory judgment that it owes no liability coverage for the allegations in the underlying suit under policy number 957680374 (the "Policy") issued to KC Enterprises Trucking LLC[1] ("KC Enterprises").

This action arises out of a tort suit filed by defendant Brenna Haley Ryan as personal representative of the Estate of Deven James Lancaster (the "Estate") against

---

[1] The Progressive Policy was issued to "KC Enterprises Trucking, LLC." The Alabama Secretary of State documents reflect that the correct entity name is KC Enterprise Trucking LLC.

defendants KC, Keith Campbell, Kevin Campbell and Kenneth Campbell. The tort suit is *Brenna Haley Ryan, as personal representative of Estate of Deven James Lancaster v. KC Enterprises Trucking LLC, et al.*, bearing civil action number 18-CV-2023-900014 pending in the Circuit Court of Cleburne County, Alabama (the "Underlying Suit"). It arises out of an accident where Deven James Lancaster was operating a vehicle within the course and scope of his employment with KC.

There is no coverage because the receipt of workers compensation benefits estops the Estate under workers comp immunity from resorting to other remedies of recovery and the "bodily injury to employee" and fellow employee exclusions in the policy bars coverage for the underlying suit against KC Enterprises and the Campbell's.

## THE PARTIES

1. Plaintiff Progressive is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio, and it is a citizen of the State of Ohio.

2. Defendant Brenna Haley Ryan ("Ryan") is an adult citizen of the State of Alabama and is the personal representative of the Estate of Deven James Lancaster. The decedent, Lancaster, was an adult citizen of the State of Alabama at the time of his death.

3. Defendant KC Enterprises Trucking LLC is a limited liability corporation. The members of KC Enterprises Trucking LLC are Keith Campbell and Kenneth Campbell who are adult citizens of the State of Alabama.

4. Defendant Kenneth Campbell is an adult citizen of the State of Alabama.

5. Defendant Kevin Campbell is an adult citizen of the State of Alabama.

6. Defendant Keith Campbell is an adult citizen of the State of Alabama.

7. Because the Plaintiff and Defendants are citizens of different states, complete diversity exists among the parties.

## JURISDICTION AND VENUE

8. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201 to render a declaratory judgment establishing the parties' rights under the contract of insurance. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists.

9. Venue of this suit is appropriate in the United States District Court for the Northern District of Alabama Eastern Division pursuant to 28 U.S.C. § 1391 because the accident occurred and the underlying suit is pending in Cleburne County, Alabama.

## THE UNDERLYING ACCIDENT AND LAWSUIT

10. The accident occurred on June 6, 2022, in rural Cleburne County, Alabama, when Lancaster, acting within the course and scope of his employment with KC Enterprises was driving a 1984 Mack tri-axel dump truck on County Road. As Lancaster was approaching the intersection of County Road 13 and Highway 9, he was unable to stop and jumped out of the truck before it collided with a guardrail and came to a rest in a ravine.

11. Lancaster sustained fatal injuries as a result of the aforementioned accident.

12. Following the accident, the Estate filed suit against numerous parties including the defendants herein, to-wit: KC Enterprises Trucking LLC, Keith Campbell, Kevin Campbell, and Kenneth Campbell, which case is styled as *Brenna Haley Ryan, as personal representative of Estate of Deven James Lancaster v. KC Enterprises Trucking LLC, et al.*, Circuit Court of Cleburne County, Alabama bearing civil action number 18-CV-2023-900014 pending in the Circuit Court of Cleburne County, Alabama (the "Underlying Suit") (**Exhibit A**, Complaint).

13. In the underlying suit, the Estate alleges that defendants were responsible for the inspection and/or maintenance of the dump truck being operated by Lancaster and failed to properly do so in a negligent and/or wanton manner. The Estate asserts several claims against defendants for the negligent and/or wanton

maintenance of the vehicle including a claim of co-employee liability for removal of a safety guard or safety device.

14.   The Estate further asserts a claim for additional worker's compensation benefits.

## THE PROGRESSIVE AUTO LIABILITY POLICY

## COUNT I

### DECLARATION THAT PROGRESSIVE DOES NOT OWE A DEFENSE OR INDEMNITY TO KC ENTERPRISES OR THE CAMPBELL'S UNDER THE POLICY'S WORKER'S COMPENSATION EXCLUSION

15.   The Progressive Policy contains the following exclusion:

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

3.   **Worker's Compensation**
     Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

16.   Lancaster's personal representative has received and accepted workers compensation benefits from KC Enterprises workers compensation carrier, Sheffield Risk Management, for his injuries arising from the accident.

17.   In the underlying suit, the Estate alleges that the workers compensation carrier has now denied decedent some benefits and that they are entitled to additional benefits.

5

18. By pursuing and receiving workers' compensation benefits under the Alabama workers' compensation act, the Estate on behalf of Lancaster admits the claim is subject to the workers compensation laws and triggers exclusion 3 in the Progressive policy that precludes coverage for "3. Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law."

19. The Estate's receipt and acceptance of workers compensation benefits is both an admission the accident was subject to the workers compensation laws and an estoppel to contend otherwise. The undisputed facts trigger exclusion 3, thus, there is no coverage. *See Pac. Coast Container, Inc. v. Royal Surplus Lines Ins. Co.*, 2008 WL 2705588, *6 (W.D. Wash. 2008) (holding plaintiff's acceptance of workers compensation benefits for bodily injuries barred liability coverage under the policy).

## COUNT II

### THE INJURY TO EMPLOYEE EXCLUSIONS BAR COVERAGE FOR THE UNDERLYING SUIT

20. Although exclusion 3 completely disposes of the coverage issues, in the alternative, Progressive contends there is no coverage under two other exclusions for bodily injury to a co-employee or fellow employee. The Progressive Policy excludes injuries to employees and contains the following exclusions:

6

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:
   a. An **employee** of any **insured** arising out of or within the course of:
      (i) That **employee's** employment by any **insured**; or
      (ii) Performing duties related to the conduct of any **insured's** business; or
   b. The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph a. above.

   This exclusion applies:
   a. Whether the **insured** may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   But this exclusion does not apply to **bodily injury** to a domestic **employee** if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**. For the purposes of this policy, a domestic **employee** is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. **Fellow Employee**
   **Bodily injury** to:
   a. a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.
   b. the spouse, child, parent, brother, or sister of that fellow **employee** as a consequence of Paragraph a. above.

21.  On June 6, 2022, Lancaster was operating a KC Enterprises dump-truck within the course and scope of his employment with KC Enterprises when he was delivering a load to a nearby worksite.

7

22. At the time of the accident, Lancaster was an employee of KC Enterprises. Further, Lancaster was receiving direction and control of his work from co-employee Keith Campbell and/or the other employees of KC Enterprises.

23. These facts trigger exclusion 5 under the policy in question which precludes coverage for "**bodily injury** to an **employee** of any **insured** arising out of or within the course of that **employee's** employment by any **insured** or performing duties related to the conduct of an **insured's** business." An injury sustained in an employer-furnished dump-truck to perform work-related activities arises out of or within the course of the employer's business or involves duties related to the conduct of the business. Therefore, exclusion 5 precludes coverage.

24. Similarly, exclusion 6 precludes coverage for bodily injury to "a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business." Lancaster, while operating the dump truck, was an employee of KC Enterprises and a fellow employee of the Campbell's whom Lancaster alleges had control over the safety and maintenance of the dump truck. An injury sustained by Lancaster as a fellow employee of the Campbell's while in the course of employment or performing duties related to KC Enterprises business fits within the exclusion. Accordingly, exclusion 6 also precludes coverage.

## COUNT III

## DECLARATION THAT PROGRESSIVE DOES NOT OWE A DEFENSE OR INDEMNIFICATION TO KC ENTERPRISES OR THE CAMPBELL'S UNDER THE GENERAL LIABILITY ENDORSEMENTS TO THE POLICY

25. The Progressive policy contains two general liability endorsements, Form 2371 Limited General Liability – Trucking Operations Endorsement and Form Z433 Commercial General Liability Endorsement.

26. Form 2371 Limited General Liability – Trucking Operations Endorsement provides as follows:

Form 2371 (06/10)

**LIMITED GENERAL LIABILITY - TRUCKING OPERATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the Commercial General Liability coverage form.

**If your declarations page** shows Limited General Liability, and this form number shows on the attachment line, then the Commercial General Liability coverage form is modified as follows:

**GENERAL POLICY EXCLUSIONS**

**The following exclusion is applicable to both Coverage A and Coverage B.**

This endorsement provides no coverage for the following:

9

**12. Other than Trucking Operations**

**Bodily injury, property damage, or personal or advertising injury** arising out of any activity other than the insured's trucking operations or suffered by any person present at the **Insured's** premises for reasons that, principally, are not related to the conduct of the **insured's** trucking operations. For purposes of this exclusion, the following are deemed to be other than trucking operations and are excluded:
  (i)  the use of the **Insured's** property for any non-business purpose, such as, for example, a residence; or
  (ii) the conduct of any business activity or the rendering of any professional service that is not a necessary part of the insured's trucking operations.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

27.  This endorsement provides general liability coverage for bodily injury, property damage or personal or advertising injury arising out of any activity *other* than the insured's trucking operations.

28.  The endorsement further provides that all other terms, limits, and provisions of the policy remained unchanged.

29.  Because the endorsement provides that all other policy provisions and terms remain unchanged, the injuries to employee exclusions remain in effect and preclude coverage.

30.  Similarly, Form Z433 Commercial General Liability provides coverage as follows:

## SECTION I – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**Insuring Agreement**

1. **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result.
   However:
   a. The amount **we** will pay for damages is limited as described in Section II – Limits Of Liability; and
   b. **Our** right and duty to defend ends when **we** have used up the applicable limit of liability in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C.
   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

2. This insurance applies to **bodily injury** and **property damage** only if:
   a. The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and
   b. The **bodily injury** or **property damage** occurs during the policy period.
   Any **bodily injury** or **property damage**, whether such **bodily injury** or **property damage** is known or unknown, that first occurred prior to the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), or that is, or alleged to be, in the process of occurring at the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), even if the **occurrence** continues during this policy period, will be deemed to have occurred prior to the policy

11

period. Any **bodily injury** or **property damage**, whether known or unknown, which is in the process of settlement, adjustment or **suit** as of the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier) will also be deemed to have occurred prior to the policy period.

**Bodily injury** or **property damage** that first occurs during this policy period includes any continuation, change or resumption of that **bodily injury** or **property damage** after the end of this policy period.

3. Damages because of **bodily injury** or **property damage** include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the **bodily injury**.

4. In the event that a claim or **suit** seeks damages, some of which are covered and others of which are not covered by this policy, the **insured** must agree to a reasonable allocation of the costs and fees of defense, and the **insured** will be responsible for payment of the costs and fees to defend the damages or claims not covered by this policy. This agreement shall be reached in writing and signed by the **insured** and **us** prior to the date when a responsive pleading to the claim or **suit** is filed on behalf of the **insured**. In the absence of such agreement, **our** duty to defend will apply only to those specific portions of the **suit** that are covered.

31. The Commercial General Liability endorsement further provides exclusions similar to those under Part I – Liability to Others:

**EXCLUSIONS** - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.

Coverage under Coverage A does not apply to:

4. **Workers' Compensation and Similar Laws**

   Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

5. **Employer's Liability**

**Bodily injury** to:
a. An employee of any **insured** arising out of or within the course of:
   (i) That employee's employment by any **insured**; or
   (ii) Performing duties related to the conduct of any **insured's** business; or
b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:
a. Whether the **insured** may be liable as an employer or in any other capacity; and
b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the **insured** under an **insured contract**.

    32.    Because Lancaster received workers compensation benefits and at the time of the accident, was employed and pursuing duties within the course of his employment with KC Enterprises, exclusions 4 and 5 of the General Liability endorsement preclude coverage.

    WHEREFORE, Progressive prays the Court declare that:

1. Progressive has no duty to defend, or continue to defend, KC Enterprises, Kenneth Campbell, Kevin Campbell and Keith Campbell in the underlying suit;

2. Progressive has no duty to indemnify KC Enterprises, Kenneth Campbell, Kevin Campbell and Keith Campbell for any judgment or settlements in the underlying suits; and

3. Such other and further relief to which Progressive is entitled.

*/s/ J. Mark Hart*
J. Mark Hart (asb-5059-a61j)

R. Benjamin Reardon (asb-1469-j29e)

*Attorneys for Progressive Specialty Insurance Company*

**OF COUNSEL**
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Tel: 205-502-0133
Fax: 205-322-1163
mhart@handfirm.com
breardon@handfirm.com

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Brenna Haley Ryan
42375 Highway 25
Vincent, Alabama 35178

KC Enterprises Trucking, LLC
8031 Highway 431
Heflin, Alabama 36264

Kenneth Campbell
397 Aubrey Lane
Tallassee, Alabama 36078

Kevin Campbell
7620 Azelea Circle
Trussville, Alabama 35173

Keith Campbell
8031 Highway 431
Heflin, Alabama 36264